## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LISA D. FLANAGAN-ZAIONTZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **SA-19-CA-1493-FB (HJB)** |
| | § | |
| **BEXAR COUNTY, BEXAR COUNTY** | § | |
| **SHERIFF JAVIER SALAZAR; and** | § | |
| **JACK FARMER, Individually and** | § | |
| **in His Official Capacity as a** | § | |
| **Bexar County Sheriff's Deputy,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S MOTION TO COMPEL

TO THE HONORABLE MAGISTRATE JUDGE HENRY BEMPORAD:

COMES NOW, Plaintiff, Lisa Flanagan-Zaiontz by and through undersigned counsel and hereby moves the Court for an Order directing the defendants Bexar County and Jack Farmer to amend or supplement their production of documents or other relevant information necessary to develop plaintiff's case. Plaintiff has been unable to resolve this discovery dispute by agreement.

## I. PRODUCTION REQUESTS

1.   Plaintiff, Lisa Flanagan-Zaiontz propounded written discovery in the way

1

of Interrogatories and Request for Production to the defendants on or about
September 2, 2020. *See* **Exhibit 1** attached (Plaintiff's First Set of Interrogatories
and Request for Production). The defendants answered on or about October 5,
2020. *See* **Exhibit 2**. Defendants' production in itemized and indexed in **Exhibit
3**.

In Request for Production Number 1 plaintiff requested,

> "...Mobile Data Terminal (MDT) transmissions,
> correspondence, text entries, and records from each
> defendant's (Jack Farmer and Javier Salazar) vehicle
> from October 10, 2017 beginning at 12:00 AM (CST)
> until each defendant turned in their vehicle on the next
> day."

This is a well-defined and limited Request for Production. Plaintiff is willing to
further limit the scope of this request to MDT entries related to Lisa Flanagan-
Zaiontz for the incident made the basis of her lawsuit for excessive force by
defendant Jack Farmer on October 10, 2017.  In civil rights excessive force cases
MDT data is often some of the most probative information that is ascertainable.
Plaintiff is not interested in MDT information unrelated to her or deputy Farmer
at this time.  Plaintiff's request is proportional to her claims and the defendants'
defenses and reasonably calculated to lead to the discovery of admissible
evidence. *See* 28 U.S.C. Rule 26 (b) (1) and (2). The defendants object only to the
production of Mobile Data Terminal information from Sheriff Salazar's vehicle
and claim that it is "not proportional to the needs of the case based on its

importance to resolving the issues." Defendants further answered that they are "working to determine if any Mobile Data Terminal transmission data exists for Deputy Farmer's vehicle from the date in question" and that they will supplement this request as necessary." Plaintiff notes that criminal charges were filed against her (and later dismissed) for resisting arrest. It is also important to note that Flanagan complained about Farmer's excessive force immediately; i.e., upon arrest, upon magistration and booking. She also complained about Farmer's conduct to the Internal Affairs Division very quickly upon being released to return home after her surgery. BC000390. She also made a criminal complaint against Jack Farmer with the Bexar County Sheriff's Office on or before January 23, 2018. BSccc465. Therefore, the defendants were on notice from the time of the incident that the MDT information was relevant and would be needed to prosecute the bogus criminal charges made against plaintiff or to respond to her Internal Affairs complaint about Deputy Farmer. Plaintiff believes (based upon information received from individual Bexar County Sheriff's deputies) the information was preserved, and continues to exist. Accordingly, plaintiff requests that this Court enter an order compelling production of the MDT information from Deputy Farmer's vehicle.

2.     Next, Plaintiff requests an order overruling defendants' objections to Request for Production Number 3 which requests production of,

> "reports, documents, notes, statements, preliminary findings, recommendations, results, and conclusions of the Bexar County Sheriff's Office's investigation regarding the incident resulting in the detention or arrest of Lisa D. Flanagan-Zaiontz, or associated in any way with her injuries, and/or the investigation into her injuries. (This includes but is not limited to any Patrol Division, Internal Affairs or Criminal Investigation Division, Supervisory Investigation [of Farmer] or other Investigations.)"

Defendants have not asserted any objections to this request. Defendants have produced 505 pages of documents (many which are Flanagan's medical records or duplicative) and then supplemented these on October 5, 2020 with bates label numbers 506 through 516 and 765 through 774.

The medical records produced by Bexar County are largely the medical records Ms. Flanagan produced to the Bexar County Sheriff's Office to support her complaints about Farmer. The documents specifically requested in Request for Production 3 however refer to the other documents that have not been produced; for example, Flanagan's Internal Affairs complaint or investigative records, or documents or data related to any investigation of Farmer's use of force or his conduct by supervisors. If there are no additional documents in the defendants' possession then plaintiff respectfully requests that this be stated by the defendants under penalty of perjury. Plaintiff respectfully requests an order compelling defendants to supplement the requested records.

3.    Plaintiff's Request for Production Number 4 requested defendants produce,

> "reports, notes, documents, statements, preliminary findings, findings, recommendations, results, and conclusions of the Bexar County Sheriff's Office's administrative review regarding the incident resulting in the detention or arrest of Lisa D. Flanagan-Zaiontz, associated in any way with her injuries, and/or the investigation into her injuries or the conduct of Jack Farmer or any other responding officer."

Plaintiff clarified long ago that the term "administrative review" refers to any supervisory reviews, proposed recommendations, or conclusions resulting from the plaintiff's complaint (or any fellow officer's complaint) about the excessive force used against her by Deputy Farmer. No other objection was made to this request. The Internal Affairs documents that have been produced are BC000001 through BC0000007; BC000360 through BC000469 but recommendations or conclusions have been omitted. Plaintiff is entitled to know if the Bexar County Sheriff's office (BCSO) sustained her complaint of excessive force by Farmer or whether, the sheriff's office exonerated Deputy Farmer. ***See*** Index of Documents Produced by Defendants as **Exhibit 3.**

4.      Plaintiff's Request for Production Number 5 requested defendants produce,

> "any and all reports, notes, documents, statements, preliminary findings, findings, recommendations, results, and conclusions of the Bexar County Sheriff's Office regarding the incident resulting in the detention or arrest of Lisa D. Flanagan-Zaiontz, associated in any way with her injuries, and/or the investigation into her injuries."

This request specifically seeks recommendations, or conclusions resulting from

the plaintiff's complaint (or fellow officers' complaints) about the excessive force used against her by Deputy Farmer. Media accounts suggest Farmer was transferred from the Patrol Division to another assignment but the documents for the relevant time period have been omitted. Plaintiff is entitled to know if the Bexar County Sheriff's Office decided not to investigate Farmer's **conduct or misconduct** in this matter in 2017 or 2018 but instead reassigned him from the Patrol Division to other duties such as detention officer duties yet no records of any re-assignment or transfer have been produced. An order compelling production is requested.

5.      Plaintiff's Request for Production Number 6 requested defendants produce,

> "each and every excessive force complaint ever asserted against defendant, Jack Farmer while employed by the Bexar County Sheriff's Office regarding the incident resulting in the detention or arrest of Lisa D. Flanagan-Zaiontz…"

and Request for Production 7 requests,

> "a copy of any and all documents, reports, notes, reviews, recommended decisions, dispositions, and/or actions taken for each and every excessive force complaint identified and produced in response to **Request for Production Number 6**."

Bexar County Sheriff Office's (BCSO's) response to Request for Production Number 6 says "None" other than plaintiff's complaint." Request for Production Number 7, references Flanagan's complaint but BCSO ***did not produce her***

6

***Internal Affairs complaint***. (BC000390 Internal Affairs Division contact information). Plaintiff respectfully requests an order requiring Bexar County Sheriff Office to supplement the information produced to include her Internal Affairs complaint and the narrative reports of Deputy R. Vigil, and Sergeant Ward.

**6.**     Plaintiff's Request for Production Number 8 requested defendants produce,

> "any and all documents, reports, reviews, recommended decisions, dispositions, and actions taken for each and every complaint (whether internal or external) in which defendant, Jack Farmer, has been involved while employed with the Bexar County Sheriff's Office or while employed with any other law enforcement agency as identified in response to **Interrogatory Number 7**."

The defendants object that this request is "not limited by time or subject matter" and is "overbroad." The period-of-time refers to Deputy Farmer's employment with the BCSO or any other law enforcement agency of which BCSO is aware. This seeks relevant, probative information that relate to plaintiff's Fourth Amendment claims. Any disciplinary actions that relate to alleged violence or dishonesty by Farmer while he was a detention officer at the jail or a patrol officer are relevant. These also relate to plaintiff's Fourteenth Amendment claims for failure to properly train or supervise. Plaintiff respectfully requests Defendants objections be overruled and this Court enter an order compelling production of this information.

7.    Plaintiff's Request for Production Number 9 requested defendants,

> "all sheriff's office reports, any and all supplemental sheriff's office reports, and any and all amended sheriff's office reports regarding the incident resulting in the detention or arrest of Lisa D. Flanagan-Zaiontz, associated in any way with her injuries, and/or the investigation into her injuries. If there have been any amended reports please produce the original version and the amended version."

The documents that were produced are clearly incomplete. Plaintiff respectfully requests Defendants objections be overruled and that this Court enter an order compelling production of this information or a declaration under penalty of perjury that the documents were destroyed or are being withheld.

8.    Plaintiff's Request for Production Number 10 requested defendants,

> "all prosecution guides... supplemental prosecution guides, or amended prosecution guides regarding the incident resulting in the detention or arrest of Lisa D. Flanagan-Zaiontz, associated in any way with her injuries, and/or the investigation into her injuries. If there have been any amended prosecution guides please produce the original version and the amended version."

No documents responsive to this request were produced in spite of the fact that Lisa Flanagan-Zaiontz's criminal complaint against Farmer for "official oppression" charges were forwarded by the Bexar County Sheriff's Office to the Bexar County Criminal District Attorney's office in October of 2017 literally *on the eve of the day the statute of limitations was about to expire*. The Assistant

District Attorney declined to indict – not on the merits – but because the statute

Was expiring.  If the defendants have no further documents or evidence they

should be required to state this under penalty of perjury.  *See* Bexar County

Sheriff's Office bates numbers BC000360 to BC000389.

**9.**     Plaintiff's Request for Production Number 12 requested defendants,

> "Produce any and all audio recordings of any and all
> witnesses interviewed in any manner (in person and/or
> over the telephone bodycam or dashcam recording)
> regarding the incident resulting in the detention or arrest
> of Lisa D. Flanagan-Zaiontz, associated in any way with
> her injuries, and/or the investigation into her injuries.
> Examples would include but are not limited to recordings
> of interviews by telephone or bodycam or dashcam of
> Lisa D. Flanagan-Zaiontz or any other witness."

Defendants produced six recordings (BC000001 through BC000006) but no

"bodycam" video or audio recordings or "dashcam" recordings. Once again,

plaintiff knows that each of the Bexar County Sheriff's vehicles were equipped

with dashcams.  Additionally, Lisa Flanagan was at a minimum interviewed by

Bexar County Sheriff's Deputy officers wearing a bodycam recording device in

Connection with her Internal Affairs complaint *and* her criminal complaint against

Farmer. Ms. Flanagan was interviewed by Sergeant Henricks in the Internal

Affairs Unit.  *See* BC000364.  Plaintiff has not received any audio or dash cam

recordings of any of the officers' patrol vehicles.  These were Deputy R.

Vigil and Sergeant H. Ward. An order compelling production is requested.

**10.**   Plaintiff's Request for Production Number 16 requested defendants,

> "Produce any and all "bodycam" and "dashcam" video
> recordings for Jack Farmer and every other officer that
> responded to the scene that resulted in Lisa D. Flanagan-
> Zaiontz's detention or arrest, or that is associated in any
> way with her injuries, and/or the investigation into her
> injuries."

Defendants have answered: "None." Plaintiff avers on information and belief that

this information was preserved and exists. The other officers that responded with

Farmer were Deputy R. Vigil and Sergeant H. Ward.  An order compelling

production is respectfully requested or a declaration by each responding officer and

each defendant specifying the documents or recordings do not exist.

**11.**   Plaintiff's Request for Production Number 24 requested defendants,

> "Produce any and all communications to or from Bexar
> County District Attorney including emails, investigation
> case summary reports, any and all supplemental case
> summary reports, and any and all amended case summary
> reports regarding the incident resulting in the detention or
> arrest of Lisa D. Flanagan-Zaiontz, associated in any way
> with her injuries, and/or the investigation into her
> injuries. If there have been any amended case summary
> reports please produce the original version and the
> amended version."

Defendants object that this request does not relate to any claim made by Flanagan

in her *pro se* complaint. Flanagan's original complaint clearly placed defendants

on notice of assault, battery, and official oppression and violation of her federal

constitutional rights by Farmer.   Moreover, the complaint was amended on

January 12, 2021 and this request specifically relates to her Fourth Amendment Claims (*see* paragraph 5 – 18) and Fourteenth Amendment claims (*see* paragraphs 19 – 33). Plaintiff respectfully requests that defendants' objections be overruled and documents or information compelled.

**12.**    Plaintiff's Request for Production Number 25 requested defendants,

> "Produce the complete Bexar County Sheriff's Civil Service Commission Manual in effect for deputies on October 10, 2017 and if different, the Manual currently in effect."

The Bexar County Sheriff's Office's policies and procedures manual is central to BCSO's use of force policies and whether Deputy Jack Farmer was following BCSO policies and procedures in making a mental health detention or arrest on October 10, 2017.  It is also relevant to the adequacy of Bexar County's training protocols for deputies. Plaintiff and indeed the public has a right to know what the Bexar County Sheriff's policies were on the use of force when officers make mental health detentions or arrests in these types of situations.  It is respectfully submitted that if any of the relevant policies were amended or supplemented after her detention / arrest on October 10, 2017 then she has a right to know what those changes, if any were.  There is no justifiable reason for withholding use of force policies and procedures.[1]  Plaintiff requests the Bexar County Sheriff's Office be

---

[1] Bexar County has shown a lack of good faith in responding to Flanagan's discovery requests dated September 2, 2020 and evasively and incompletely answered on October 5, 2020.  For example, the BCSO refused to produce documents in response to Flanagan's Request for Production Number 25 and others (requesting the sheriff's

ordered to produce the ***complete policies and procedures*** for use in further developing this case.

**13.**   Plaintiff's Request for Production Number 26 requested defendants,

> "Produce the complete Bexar County Sheriff's Civil
> Service Commission records for Jack Farmer."

Defendant Jack Farmer personnel file is relevant to whether defendant Bexar County was on notice of prior claims of excessive force or other misconduct, abusive acts or dishonesty. BCSO produced Farmer's training records (BC000638 through BC000640) but his personnel file is markedly incomplete. (BC000641 through BC000671). ***Please note no records were produced for 2017, the year at issue.*** The records also do not reflect Farmer's termination in 2020 that was reported in the local media. An order compelling production of these records is respectfully requested.

**14.**   Plaintiff's Request for Production Number 27 requested defendants,

> "Produce the complete 201 file, employee file, and
> personnel files or supervisor's file for defendant Jack
> Farmer including, but not limited to any line complaints,
> formal       complaints,       employment,       training,
> commendations, disciplinary, (and the supporting
> Internal Affairs file that corresponds to any disciplinary
> suspension or action), or education history. Plaintiff
> *agrees* to the redaction defendants' social security
> number, personal home address, personal phone number,
> and non-psychological/psychiatric medical records."

---

policies and procedures) but then attaching many of these same unproduced policies to defendants' recently filed Motion to Dismiss. *See* [Docket Entry 23 (Defendants' Motion to Dismiss)] and [Docket Entry 23-1, (BCSO's Chapter 9 Use of Force) at pages 1 - 22]. This is untenable.

Defendants object that the information sought is "not limited by time or particular subject matters" and is therefore "overly broad and unduly burdensome" and "fails the proportionality test set forth in Federal Rule 26(b)(1)." It is respectfully submitted that when a law enforcement officer inflicts the type of bone crushing injuries on an unarmed, nonthreatening woman in front of two other officers then the entire employment history – especially his disciplinary history – are relevant, material and probative. Plaintiff's First Amended Original Complaint added specificity to her claims including her failure to supervise claims. *The records produced exclude all appraisals and evaluations after 2005 and all disciplinary actions.* This is outrageous. Plaintiff respectfully requests that defendants' objections be overruled and the entry of an order directing documents or other information be produced.

**15.**   Plaintiff's Request for Production Number 30 requested defendants,

> "Produce any and all correspondences (written, e-mail, facsimile, etc.) between the Bexar County Sheriff's Office and the Bexar County Criminal District Attorney's office regarding the incident resulting in Lisa D. Flanagan-Zaiontz's detention or arrest or associated in any way with her injuries, and/or the investigation into her injuries."

Defendants objected that the criminal referral of Lisa Flanagan-Zaiontz by the Sheriff's office to the Bexar Criminal District Attorney's office is not proportional to the needs of the case based on its importance to resolving the

issues.  Defendants further objected that any such information is protected by the attorney-client privilege or attorney work product exemption.  Plaintiff respectfully requests that these objections be overruled.  A criminal referral by Bexar County Sheriff's Office *based on charges initiated by Deputy Jack Farmer against plaintiff Flanagan for resisting arrest are directly proportional and not subject to the attorney client privilege*.

Moreover, a criminal referral by the Bexar County Sheriff Office to the District Attorney's office *concerning Farmer's conduct towards plaintiff Flanagan-Zaiontz* would not be privileged under the attorney-client privilege or under the attorney work exemption as it was not prepared by the Sheriff's office seeking legal advice to the Sheriff but rather was forwarded seeking prosecution of a sheriff's deputy for official oppression.  Further, the attorney work product exemption does not apply because it was not prepared by attorneys in connection with civil rights litigation or in anticipation of such litigation.

**16.**    Plaintiff's Request for Production Number 31 requested defendants,

> "Produce any and all correspondence (written, e-mail, facsimile, etc.) between the Bexar County Sheriff's Office and the Bexar County Criminal District Attorney's Office regarding the incident resulting in Lisa D. Flanagan-Zaiontz's injuries, arrest or detention on October 10, 2017."

Plaintiff is certainly willing to exclude any communications that were, in good faith, seeking legal advice from the Bexar County Criminal District Attorney's

office regarding the sheriff's potential legal liability but plaintiff requests the filing of a privilege log and of complete copies of any request for legal advice for an *incamera* review by this court. An order compelling these documents or information is respectfully requested.

**17.**   Plaintiff's Request for Production Number 36 requested defendants,

> "For each person identified in response to **Interrogatory Number 2**, please produce the original or true, correct, complete, and unaltered copies of any documents which you intend to rely upon or may rely upon in defending this lawsuit."

Request for Production 36 is intended to avoid surprises at the summary judgment stage or at trial. This would include witness statements or incident reports by deputies Farmer, R. Vigil, and Sergeant H. Ward who were present at the scene of his attack on Lisa Flanagan-Zaiontz. *See* p.6, Plaintiff's First Amended Original Complaint. Plaintiff is entitled to any evidence defendants intend to rely upon at trial that has not been previously produced. Plaintiff respectfully requests that the defendants objections be overruled. *See* footnote number 1, *supra;* defense counsel has produced copies of the BCSO's policies and procedures in support of a recent Motion to Dismiss *but refused* to produce these same requested documents in response to Flanagan's discovery requests.

**18.**   Plaintiff's Request for Production Number 37 stated,

> "With respect to each of the persons named in your answer to **Interrogatory Number 2**, please produce the

> original or true, correct, complete, and unaltered copies
> of any and all documents or things such as witness
> statements by any plaintiff, defendant, or third party and
> photographic, video and/or audio recordings of any
> plaintiff, defendant, or third party and/or other tangible
> things relevant to the subject matter of this suit."

Plaintiff has limited this request in time and scope. *See* plaintiff's instructions to

Plaintiff's First Set of Interrogatories and First Request for Production. Plaintiff

respectfully requests that the defendants objections be overruled.

**19.**   Plaintiff's Request for Production Number 38 states,

> "With respect to each of the persons named in your
> answer to **Interrogatory Number 3**, please produce the
> original or true, correct, complete, and unaltered copies
> of any and all discoverable documents such as incident
> reports, witness statements by any plaintiffs, witness
> statements by any defendants, video or audio recordings,
> and/or other tangible things relevant to the subject matter
> of this suit."

Request for Production 38 is likewise intended to avoid surprises at the summary

Judgment stage or at trial. *Ibid.*   This would include witness statements or incident

reports by deputies Farmer, R. Vigil, and Sergeant Ward who were present at the

scene of Farmer's attack on Lisa Flanagan-Zaiontz. *See* p.6, Plaintiff's First

Amended Original Complaint. Plaintiff is entitled to any evidence defendants

intend to rely upon at trial that has not been previously produced. Plaintiff

respectfully requests that the defendants' objections be overruled and an order

compelling production be entered.

**20.**   Plaintiff's Request for Production Number 39 states,

> "With respect to each of the persons named in your answer to **Interrogatory Number 4**, please produce the original or true, correct, complete, and unaltered copies of any discoverable documents such as incident reports, witness statements by any plaintiffs, witness statements by any defendants, video or audio recordings, and/or other tangible things relevant to the subject matter of this suit."

Like Requests 37 and 38, Request for Production 39 is intended to avoid surprises

at the summary judgment stage or at trial.  This would include witness statements

or incident reports by deputies Farmer, R. Vigil, and Sergeant Ward who was

present at the scene of his attack on Lisa Flanagan-Zaiontz. *See* p.6, Plaintiff's

First Amended Original Complaint. Plaintiff is entitled to any evidence defendants

intend to rely upon at trial that has not been previously produced. Plaintiff

respectfully requests that the defendants' objections be overruled.

**21.**   Plaintiff's Request for Production Number 40 states,

> "With respect to each of the persons named in your answer to **Interrogatory Number 17**, please produce the original or true, correct, complete, and unaltered copies of any discoverable documents such as incident reports, witness statements by any plaintiffs, witness statements by any defendants, video or audio recordings, and/or other tangible things relevant to the subject matter of this suit."

Plaintiff respectfully requests that the defendants' objections be overruled and the

information be compelled.

22.    Plaintiff's Request for Production Number 41 states,

> "With respect to each of the persons named in your answer to **Interrogatory Number 18**, please produce the original or true, correct, complete, and unaltered copies of any discoverable documents such as incident reports, witness statements by any plaintiffs, witness statements by any defendants, video or audio recordings, and/or other tangible things relevant to the subject matter of this suit."

Plaintiff respectfully requests that the defendants' objections be overruled.

23.    Plaintiff's Request for Production Number 42 states,

> "With respect to each of the persons named in your answer to **Interrogatory Number 11 and Interrogatory Number 12**, please produce the original or true, correct, complete, and unaltered copies of any and all training materials, curricula, notes, exams/tests, and exam/test results associated with such training for defendant Jack Farmer."

This request relates directly to plaintiff's Fourteenth Amendment claims as set forth in paragraphs 19 – 33 of plaintiff's First Amended Complaint. [Docket Entry 22]. Plaintiff respectfully requests that the defendants objections be overruled and the documents or information produced.

24.    Plaintiff's Request for Production Number 43 requested defendants,

> "With respect to the required training in your answer to **Interrogatory Number 14 and Interrogatory Number 15**, please produce the original or true, correct, complete, and unaltered copies of the date in which such training became required, the specific training that became required, and any and all training materials, curricula,

notes, and exams/tests associated with such training for
defendant Jack Farmer."

*See* Plaintiff's First Amended Original Complaint [Docket Entry 22] at paragraphs

21 – 25. Plaintiff respectfully requests that the defendants objections be overruled

and the documents or information  produced.

25.   Plaintiff's Request for Production Number 44 requested defendants,

> "With respect to each of the persons named in your
> answer to **Interrogatory Number 6** please produce a
> copy of any and all documents, reports, reviews,
> resolution, dispositions, and actions taken regarding the
> disciplinary action."

*Id.* Plaintiff respectfully requests that the defendants objections be overruled.

26.   Plaintiff's Request for Production Number 45 requested defendants,

> "With respect to each of the persons named in your
> answer to **Interrogatory Number 7** please produce a
> copy of any and all documents, reports, reviews,
> resolution, dispositions, and actions taken regarding the
> disciplinary action."

Plaintiff respectfully requests that the defendants' objections be overruled.

27.   Plaintiff's Request for Production Number 47 requested defendants,

> "With respect to the required training in your answer to
> **Interrogatory Number 16**, please produce the original
> or true, correct, complete, and unaltered copies of the
> date on which such training became required, the specific
> training that became required, and any and all training
> materials, curricula, notes, and exams/tests associated
> with such training for each defendant."

The defendants' object that this request is "incomprehensible". Plaintiff

respectfully disagrees and offered to make any clarifications months ago and again weeks ago. Plaintiff is willing to limit this to defendant Jack Farmer and not Sheriff Salazar. Plaintiff respectfully requests that the objection be overruled.

## **CERTIFICATE OF CONFERENCE**

Undersigned counsel requested in writing and by telephone that defendants' counsel work with plaintiff's counsel in an effort to resolve some if not all of these requests by agreement. A draft copy of this motion to compel was provided to Bob Piatt prior to filing along with a telephonic request to confer on January 28, 2021. No response was received prior to filing. It does not appear this matter can be worked out without Court involvement.

WHEREFORE, premises considered Plaintiff Lisa Flanagan-Zaiontz respectfully requests entry of an order overruling defendants' objections and ordering defendants to produce the requested information, data or records.

Respectfully submitted,

**EDWARD L. PIÑA**
Attorney at Law
State Bar No.  16011352
**Edward L. Piña & Associates, P.C.**
*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas 78229
(210) 614-6400 Telephone
(210) 614-6403 Facsimile
epina@arielhouse.com
ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this document has been forwarded to

the following counsel of record in accordance with the Districts ECF service rules

on this ___ day of January 2021 as follows:

Robert W. Piatt III
Assistant Criminal District Attorney-Civil Division
Paul Elizondo Tower
101 w. Nueva 7th Floor
San Antonio, Texas 78205-3030
Telephone: 210-335-0785
Facsimile:  210-335-2773
Email: robert.piatt@bexar.org
ATTORNEY FOR DEFENDANTS

**EDWARD L. PIÑA**

21