**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LISA D. FLANAGAN-ZAIONTZ, § | | |
| Plaintiff § | | |
| § | | |
| v. § | | CASE NO. 5:19-CV-1493 |
| § | | |
| BEXAR COUNTY; JACK FARMER § | | |
| INDIVIDUALLY AND BEXAR § | | |
| COUNTY SHERIFF'S DEPUTY, JACK § | | |
| FARMER, § | | |
| Defendants. § | | |

### RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Now come Defendants Bexar County, Sheriff Javier Salazar, and Jack Farmer ("Defendants") and file this response to Plaintiff's Motion to Compel discovery (Docket No. 24). Defendants respectfully show as follows:

### I. PLAINTIFF DID NOT CONFER AS REQUIRED

1. At 9:17 p.m. on Friday, January 29, 2021, Plaintiff filed a twenty-page motion to compel discovery,[1] alleging deficiencies in Defendants' responses to twenty-seven requests for production. Docket No. 24. The first time that Plaintiff attempted to confer with the undersigned counsel was *twenty-eight minutes before* filing the motion, *at 8:49 p.m. on a Friday evening*, when Plaintiff's counsel left a message with Defendants' counsel as follows:

> Hello, Mr. Piatt.  This is Edward Pina calling in reference to our case in common, Lisa Flanagan-Zaiontz.  I was calling to confer about a motion to compel.  I will send you a copy in advance of filing.  Please let me know if this is agreeable or if you intend to oppose it.  I would have appreciated it if you conferenced before you filed your motion to dismiss.  I think it's required under the

---

[1] Thus, Plaintiff's motion is *ten pages* in excess of the page limits set forth in the Local Rules.  *See* Local Rule CV-7(d)(3).  Thus, all relief sought on pages 11 through 20 of Plaintiff's motion to compel (numbers 12 through 27) should be denied.

1

rules.[2]  I look forward to hearing from you.  Take care.  Good bye.

2. Fifteen minutes later, at 9:04 p.m., Plaintiff's counsel sent an e-mail to Defendants' counsel stating that "[t]his will follow up on my telephone call to your office today [again, fifteen minutes earlier] to confer once again[3] on your deficient discovery responses.  Please find attached Plaintiff's Motion to Compel including Exhibits 1, 2 and 3 to said Motion."

3. Thirteen minutes later, Plaintiff filed her motion.  Incredibly, Plaintiff's Certificate of Conference states that counsel for Plaintiff

> requested in writing and by telephone that defendants' counsel work with plaintiff's counsel in an effort to resolve some if not all of these requests by agreement.  A draft copy of this motion to compel was provided to Bob Piatt prior to filing along with a telephonic request to confer on January 28, 2021.  No response was received prior to filing.  It does not appear this matter can be worked out without Court involvement.

Docket No. 24 at 20.  Again, the phone call and e-mail occurred late in the day on January 29, 2021, and not on January 28, as stated in the Certificate.

4. Plaintiff's late and merely nominal attempt to confer falls far short of the conference requirements required by the Federal Rules of Civil Procedure and the Local Rules of this Court.  As discussed by the Honorable United States Magistrate Judge Richard B. Farrer:

> Non-dispositive motions filed with the Court—even where the opposing party is proceeding pro se—must include a certificate of conference, as indicated in the Local and Federal Rules, reflecting a *good-faith*, *diligent* effort to resolve the disputed issue that is the subject of the motion.  *See* Local Rule CV-7(i) (applying to all non-dispositive motions); see also Fed. R. Civ. P. 37(a)(1) (applying to discovery disputes).  While e-mail or letter

---

[2] It is not.  *See* Local Rule CV-7(i)
[3] To be clear, counsel for Plaintiff never before has attempted to confer about any of the relief sought in her lengthy motion except for, perhaps, a request in October 2020 that Defendants produce documents regarding "other claims of excessive force against Jack Farmer" besides the ones made by Plaintiff.  But, as referenced in Plaintiff's motion, Defendants have responded to discovery asserting that there are no other such allegations against Deputy Farmer besides the one made by Plaintiff.  *See* Docket No. 24 at 6, ¶5.

2

> correspondence with on some occasions may be appropriate—*i.e.*, in the first instance or to ensure the motion is unopposed—in the Court's view, the best and most efficient way to comply with the conference requirement is through either an in-person meeting or actual conversation by telephone. Accordingly, absent extenuating circumstances, a certificate of conference noting one or two unsuccessful attempts to confer—*particularly where the attempts occur the day the motion is filed*—will be disfavored and may result in denial of the requested relief. *See* Local Rule CV-7(i).

*B.B., a Minor v. Perez*, Cause No. 5:18-cv-01332-JKP-RBF, Docket No. 56 at 2-3 (W.D.Tex Dec. 12, 2019) (emphasis added to last sentence). Plaintiff's cursory and fleeting attempt at a conference before seeking extensive relief warrants denial of the motion in its entirety.

## II. RELIEF SHOULD BE DENIED IN LIGHT OF DEFENDANTS' PENDING MOTION TO DISMISS BASED ON QUALIFIED IMMUNITY AND FAILURE TO PLEAD MUNICIPAL LIABILITY

5. On January 12, 2021, Plaintiff filed a First Amended Complaint, naming Bexar County, Sheriff Javier Salazar, and Jack Farmer (individually and in his official capacity as Deputy Sheriff with the Bexar County Sheriff's Office) as defendants. Docket No. 22 at 2-3. On January 26, 2021, Defendants filed a Rule 12(b)(6) motion to dismiss, asserting, in sum, that (1) Plaintiff's constitutional claims against Sheriff Salazar and Bexar County based on inadequate training and failure to discipline do not meet the high pleading standards required for municipal liability claims; and (2) Plaintiff's claims against Deputy Farmer should be dismissed because he is entitled to qualified immunity. Docket No. 23.

6. Qualified immunity "protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Davis v. Matagorda County*, Civil Action No. 3:18-CV-00188, 2019 WL 1924532, at *2 (S.D.Tex. Apr. 4, 2019) (granting motion to stay discovery in the context of an interlocutory appeal based on qualified immunity) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 685(2009)). While a stay of discovery pending a motion to dismiss is the "exception rather

than the rule" (*Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-CV-0774-L, 2008 WL 2930482 at *1 (N.D.Tex. July 23, 2008)), Defendants should not be compelled to conduct any additional production of information.  As a matter of economy, Defendants should be free from the burden of additional discovery until the Court determines whether the Plaintiff has met the high pleading standard to overcome qualified immunity and to show municipal liability under her inadequate-training and failure-to-discipline theories.  Further, as discussed below, Plaintiffs seek relief that would be burdensome (*e.g.*, securing affidavits of unidentified individuals to prove that "no additional documents" exist; interviewing and conducting e-mail searches of employees with the Bexar County District Attorney's Office). *See Von Drake v. National Broadcasting Co.*, No. 3:04-CV-0652-R, 2004 WL 114142, at *1 (N.D.Tex. May 20, 2004) (holding determination of whether to grant stay is based on analysis of "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed[.]")

### III.  THE MERITS OF PLAINTIFF'S MOTION

7. Defendants address the merits of each of Plaintiff's twenty-seven requests for relief as follows:

8. <u>Plaintiff's Motion to Compel regarding Request for Production ("RFP") No. 1 (Docket No. 24 at 2-3); mobile data terminal information</u>.  Any mobile data terminal information from Deputy Farmer's vehicle was not readily available at the time of production.  If any such data exists, Defendants agree to produce it within three weeks of February 9, 2021.  Defendants have notified Plaintiff of this proposed remedy by e-mail on February 9, 2021, but have received no response from Plaintiff.

9. <u>Plaintiff's Motion to Compel regarding RFP No. 3 (Docket No. 24 at 3-4); investigative materials regarding the incident</u>.  Plaintiff alleges that the production of

4

investigative materials was inadequate because the production consisted of medical records. However, these records actually comprise part of BCSO's investigative materials. This is abundantly clear from the investigative report of Detective Nino, who notes that as part of his investigation that he obtained Plaintiff's medical records. *See* Exhibit A at BC000365. Plaintiff also alleges that the investigative materials do not include the Plaintiff's Internal Affairs complaint. However, the record clearly demonstrates that the Plaintiff failed to submit a written report. *See* Exhibit A at BC000366 ("Flanagan has not provided a written statement nor has she made arrangements for an interview."). Nor does Defendants' production omit "documents or data related to any investigation of [Deputy] Farmer's use of force or his conduct by supervisors." The production includes videotaped interviews and statements of the Plaintiff, her husband, and witnessing officers. Plaintiff is not entitled to a statement that no further records exist "under penalty of perjury." Docket No. 24 at 4.

10.  <u>Plaintiff's Motion to Compel regarding RFP No. 4 (Docket No. 24 at 4-5) administrative review materials *and* RFP No. 5 (Docket No. 24 at 5-6); BCSO recommendations or conclusions</u>. Defendants believe that they have produced all administrative review and recommendation/conclusion materials, including, for example, the report of Deputy Farmer's supervisor noting Plaintiff's resistance to arrest. *See* Exhibit B. If any additional material exists, Defendants agree to produce it within three weeks. Defendants have notified Plaintiff of this proposed remedy by e-mail on February 9, 2021, but have received no response from Plaintiff.

11.  <u>Plaintiff's Motion to Compel regarding RFP No. 6 and 7 (Docket No. 24 at 6-7); reports of previous excessive force complaints</u>. Defendants' production does not omit any such materials. Plaintiff asserts that Defendants "did not produce [the Plaintiff's Internal Affairs complaint," but the record clearly demonstrates that the Plaintiff failed to submit a

5

written report. *See* Exhibit A at BC000366. Plaintiff also asserts that Defendants failed to provide "the narrative reports of Deputy R. Vigil, and Sergeant Ward." This is absolutely not true, as their reports were indeed produced as BC00372 through BC00375. *See* Exhibit B.

12. <u>Plaintiff's Motion to Compel regarding RFP No. 8 (Docket No. 24 at 7)</u>; <u>decisions and dispositions of other complaints against Deputy Farmer</u>. Defendants produced all of BCSO's records of disciplinary action against Deputy Farmer except for records related to a 2020 incident (approximately three years after the incident the basis of Plaintiff's lawsuit) involving social media resulting in Deputy Farmer's termination. These records do not relate in any way to excessive force or to the Plaintiff's allegations. Nevertheless, Defendants agree to produce these records within three weeks.

13. <u>Plaintiff's Motion to Compel regarding RFP No. 9 (Docket No. 24 at 8)</u>; <u>all BCSO reports</u>. Plaintiff's objection here is that "[t]he documents that were produced are clearly incomplete." Not only is this objection vague, but Defendants have produced all reports in their possession regarding the incident. Plaintiff is not entitled to a statement that no further records exist "under penalty of perjury." Docket No. 24 at 8.

14. <u>Plaintiff's Motion to Compel regarding RFP No. 10 (Docket No. 24 at 8-9)</u>; <u>prosecution guides</u>. Although Plaintiff asserts that "no documents were produced," this is not the case. Documents produced as BC000470 *et seq*. are responsive. However, additional documents (a summary report to a supplemental investigation) were located that will be produced to the Plaintiff as promptly as possible. Further, to be clear, the decision not to prosecute Deputy Farmer was based upon the determination that Deputy Farmer utilized the amount of force necessary to take the Plaintiff into custody based on the Plaintiff's violent actions toward Deputy Farmer, in addition to the statute of limitations.

15. <u>Plaintiff's Motion to Compel regarding RFP No. 16 (Docket No. 24 at 10); body camera and dash camera footage</u>.  Plaintiff might sincerely believe that such camera footage exists, but it does not.   Plaintiff has not availed herself of the opportunity to depose any officer on the issue of whether such footage exists (it does not).  Plaintiff is not entitled to a statement that no further records exist "under penalty of perjury."  Docket No. 24 at 10.

16. <u>Plaintiff's Motion to Compel regarding RFP No. 24 (Docket No. 24 at 10-11); case summary reports and communications to or from the Bexar County District Attorney's Office</u>.  With the production of the supplemental report mentioned above at Paragraph 14, Defendants will have provided all prosecutorial material related to the incident the basis of the Plaintiff's Complaint.  Plaintiff is not entitled to compel Defendants to conduct a burdensome search of every possible communication involving the District Attorney's office.

17. <u>Plaintiff's Motion to Compel regarding RFP No. 25 (Docket No. 24 at 11-12); "Bexar County Sheriff's Civil Service Commission Manual"</u>.  Plaintiff improperly casts this objection as a failure on Defendants' part to produce use-of-force policies.  Clearly the RFP does not seek production of such policies; it seeks the "Bexar County Sheriff's Civil Service Commission Manual," which is an entirely different document.  Plaintiff notes that the use-of-force policy was indeed provided to Plaintiff as an attachment to Defendants' Motion to Dismiss.  There is no need to compel anything here.  Plaintiff has been provided with the use-of-force policy in effect at the time of the incident.

18. <u>Plaintiff's Motion to Compel regarding RFP No. 26 (Docket No. 24 at 12); Bexar Civil Service Commission records for Deputy Farmer</u>.  As mentioned above, and in Defendants' discovery responses, there are no other allegations of excessive force against Deputy Farmer besides the one initiated by the Plaintiff.  Also as discussed above, Deputy

7

Farmer's 2020 termination occurred well after the incident in question and is unrelated to the use of force or to the Plaintiff. Further, Plaintiff's request for relief here should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

19.   <u>Plaintiff's Motion to Compel regarding RFP No. 27 (Docket No. 24 at 12-13); 201 file</u>. Defendants have produced Deputy Farmer's 201 file with the exception of the documents related to his 2020 termination, discussed in the preceding paragraph. Further, Plaintiff's request for relief here should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

20.   <u>Plaintiff's Motion to Compel regarding RFP No. 30 (Docket No. 24 at 13-14); DA correspondence</u> *and* <u>Plaintiff's Motion to Compel regarding RFP No. 31 (Docket No. 24 at 14-15); DA correspondence</u>. These requests should be denied for the same reasons as discussed in Paragraph 16, above, as FRP Nos. 30 and 31 are duplicative of RFP No. 24. Further, Plaintiff's requests for relief also should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

21.   <u>Plaintiff's Motion to Compel regarding RFP No. 36 (Docket No. 24 at 15); documents Defendants intend to rely upon in defending the lawsuit</u>. With the agreed supplements discussed in the paragraphs above, there are no documents that Defendants might use that have not been produced. As discussed above, Defendants have produced the incident reports of Sergeant Ward and Deputy Vigil. Also as discussed above, Plaintiff never sought production of the use of force policies, but nevertheless has been provided with a copy of the policy in effect at the time of the incident. In addition, Defendants should not be compelled to produce impeachment evidence only. Further, Plaintiff's request for relief here should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

22. <u>Plaintiff's Motion to Compel regarding RFP No. 37 (Docket No. 24 at 15-16); all documents "relevant to the subject matter of this lawsuit"</u>.  Plaintiff's objection here is vague and should be overruled.  Defendants stand by their objections to this RFP.  Further, Plaintiff's request for relief here should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

23. <u>Plaintiff's Motion to Compel regarding RFP No. 38 (Docket No. 24 at 16); all documents "relevant to the subject matter of this lawsuit"</u>.  As with Plaintiff's previous request, Plaintiff's objection here is vague and should be overruled. Defendants stand by their objections to this RFP.  Further, Plaintiff's request for relief here should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

24. <u>Plaintiff's Motion to Compel regarding RFP No. 39 (Docket No. 24 at 17); all documents "relevant to the subject matter of this suit"</u>.   As with Plaintiff's previous request, Plaintiff's objection here is vague and should be overruled.  Also as discussed above, Defendants have produced the incident reports of Sergeant Ward and Deputy Vigil.  Further, Plaintiff's request for relief here should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

25. <u>Plaintiff's Motion to Compel regarding RFP No. 40 (Docket No. 24 at 17); all documents "relevant to the subject matter of this suit"</u>.  Plaintiff's one-sentence objection here ("Plaintiff respectfully requests that the defendants' objections be overruled and the information compelled.") is vague and should be overruled.  Further, Plaintiff's request for relief here should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

26. <u>Plaintiff's Motion to Compel regarding RFPs No. 41 through 45 (Docket No. 24 at 17-19).</u>  Plaintiff does not articulate why she is entitled to relief; she merely requests that the

9

Defendants' objections be overruled. Further, Plaintiff's requests for relief should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

27.     <u>Plaintiff's Motion to Compel regarding RFP No. 47 (Docket No. 24 at 19); training records.</u>  Defendants have produced all records of training for Deputy Farmer in their custody, control and possession.  Further, Plaintiff's request for relief should be denied because Plaintiff has exceeded the page limit for non-dispositive motions.

## CONCLUSION

Plaintiff's motion to compel should be denied.  Alternatively, the Court should deny the motion as moot in light of the Defendants' agreed supplemental production as discussed in Paragraphs 8, 10, 12, 14, 19 and 21, above.

Respectfully submitted,

JOE D. GONZALES
Bexar County Criminal District Attorney

BY:   /s/ Robert W. Piatt III
ROBERT W. PIATT III
State Bar No. 24041692
Assistant Criminal District Attorney
Civil Division
101 W. Nueva; 7th Floor
San Antonio, Texas  78205
Telephone (210) 335-0785
Telecopier (210) 335-2773
Attorney for Defendants

**CERTIFICATE OF SERVICE**

    I do hereby certify on February 10, 2021, I filed the foregoing through the Court's CM/ECF system, which will provide electronic service upon the following:

Edward L. Pina
Edward L. Pina & Associates, P.C.
Texas Bar No. 16011352
epina@arielhouse.com
8118 Datapoint Drive
San Antonio, Texas 78229
Tel: (210) 614-6400
Fax: (210) 614-6403
*Attorneys for Plaintiff*

                                              **/s/ Robert Piatt**
                                              **Robert W. Piatt III**