IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LISA D. FLANAGAN-ZAIONTZ, § | | |
|     Plaintiff § | | |
| § | | |
| v. § | CASE NO. 5:19-CV-1493 | |
| § | | |
| BEXAR COUNTY; JACK FARMER § | | |
| INDIVIDUALLY AND BEXAR § | | |
| COUNTY SHERIFF'S DEPUTY, JACK § | | |
| FARMER, § | | |
|     Defendants. § | | |

### RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Now come Defendants Bexar County, Sheriff Javier Salazar, and Jack Farmer ("Bexar County" or "Defendants") and file this response to Plaintiff's Motion to Reconsider Order Denying As Moot Plaintiff's Motion to Compel (Docket No. 37). Defendants respectfully show as follows:

### I. SUMMARY

1. Bexar County does not object to Plaintiff's request for leave to file a reply in support of motion to compel discovery (Docket No. 37 at 3) now that Plaintiff has had the opportunity to review Bexar County's supplemental discovery responses and, at 6:47 p.m. on Saturday, March 27, 2021, produced an "index" listing the alleged missing discovery (*see* Docket No. 37-1). But, as discussed below, Plaintiff's motion to compel is moot because Bexar County has produced all relevant information requested that exists and is in Bexar County's possession, custody or control.

## II. PLAINTIFF'S REQUEST FOR RECONDSIDERATION SHOULD BE DENIED BECAUSE BEXAR COUNTY HAS NOT FAILED TO PRODUCE ANY DOCUMENTS REQUESTED

2. Unfortunately, the parties here are at an impasse with regard to discovery because Plaintiff's counsel assumes, incorrectly, that certain documents exist and have not been produced, even after multiple explanations from the undersigned counsel that said documents do not exist. For example, in a very cursory attempt at a conference by e-mail dated March 24, 2021, before Plaintiff's counsel had "indexed" all of the discovery produced, Plaintiff's counsel writes, "Also missing is audio and video from the 'dash cams' and, other BCSO sources except for one deputy's video statement and Randy Zaiontz and Lisa Flangan-Zaiontz['s] video statements from 2018." Docket No. 37-7 at 1. But, as stated in Defendants' Response to Motion to Compel, there is no such recording. Docket No. 26 at 7. Further, Plaintiff's own self-serving index of documents quotes an e-mail produced by Bexar County wherein an investigator affirms that Deputy Farmer had no body-worn camera. Docket No. 37-1 at 11. There is no response Defendants can tender that will disabuse Plaintiff's counsel of the unfounded belief that there is unproduced body-cam or dash-cam footage or audio. There is no such recording. There is no other way to put it.

3. Similarly, Plaintiff's counsel complains that "we still do not have the Bexar County Sheriff's Deputies policies and procedures manual except for the one chapter your client produced." Docket No. 37-7 at 1. To begin with, as stated in Defendants' Response to Motion to Compel, *never* did Plaintiff request policies or procedures; she requested a copy of the "Bexar County Sheriff's Civil Service Commission Manual." Docket No. 26 at 7. Bexar County did produce this manual. See Docket No. 37-1 at 14. But more importantly, there is no compendium known as the "Policies and Procedures Manual" that Bexar County could produce; the Bexar County Sheriff's Office adopts polices on a wide variety of matters

related to its operations, which independently are reviewed and revised from time to time, and are not centralized into one manual or book. From this universe of policies Bexar County *did* select and produce to Plaintiff the use-of-force and warrantless arrest polices, which relate to the issues in this litigation. Bexar County should not be compelled to produce irrelevant policies, such as, for example, BCSO Policy No. 800.01-11, which concerns hunger strikes by detainees in the County detention facility. To research and produce all policies, and the versions of those policies in effect on the day of Plaintiff's arrest, would be an extremely burdensome task that would not lead to the discovery of any relevant information. Bexar County should not be compelled to do so.

4. Bexar County next responds to Plaintiff's assertions of incomplete production as contained in Plaintiff's self-serving index of documents (Docket No. 37-1), as follows:

5. <u>Alleged "incomplete" personnel file for Deputy Farmer (Docket No. 37-1 at 3-4)</u>: Bexar County produced the entirety of Deputy Farmer's personnel file with only identifying information redacted. The documents have not been edited. There might be a page or two missing at around document Bates-labeled "BC 000747,"[1] but these pages would relate to a performance evaluation of Deputy Farmer in 2003 when he was a detention officer and therefore are irrelevant to the issues in this litigation. There are no missing appraisals.

6. <u>Alleged incomplete Mobile Data Terminal information (Docket No. 37-1 at 6-8)</u>: On March 11, 2021, Bexar County produced all available mobile data terminal information related to the incident at issue. Plaintiff first states that the identity of the

---

[1] The undersigned counsel produced the documents exactly as delivered from BCSO with only identifying information redacted and Bates labeling attached. Any missing pages would have been missing from the original file (likely copying errors) and not edited out, as suggested in Plaintiff's index. Further, these pages relate to Deputy Farmer's 2003 performance as a detention deputy and are irrelevant to the litigation.

officers cannot be determined from these mobile data terminal exchanges because the identity of the officers has not been produced (Docket No. 37-1 at 6), but this is not true. Plaintiff is referred to the Incident Detail Report produced by Bexar County and Bates-labeled BC 000484-489, which lists the officers' unit numbers. Plaintiff next asserts that there must be missing information because the question posed by one of the officers, "Hey that's the same 1096 from last time right? The one with the horse," appears out of the blue (Docket No. 37-1 at 6). But this is not necessarily true, as the officers involved were quite familiar with the Plaintiff, who had been arrested numerous times and who had an extraordinary number of incidents called at her residence. There are no missing Message Activity History Reports.

7. <u>Alleged Missing CD of the case file (Docket No. 37-1 at 8)</u>. The entire content of the CD, redacted to exclude identifying information, was produced to Plaintiff, but not in CD form. Rather, the information was produced page-by-page and Bates-labeled for convenience.

8. <u>Alleged excluded documents based on multiple documents having Bates label "BC 000811" (Docket No. 37-1 at 11)</u>. There is no mystery here. The undersigned attorney simply labeled two different documents with the same Bates number by accident. No documents were withheld.

9. <u>Alleged withholding of a BCSO "Policy and Procedures Manual" (Docket No. 37-1 at 12, 13, and 15)</u>. As discussed above, there is no "Policy and Procedures Manual," nor did Plaintiff even ask for such a document in discovery. Bexar County has provided relevant policies to the Plaintiff.

## III.  CONCLUSION

Bexar County has produced all relevant information requested that exists and is in Bexar County's possession, custody or control.  Plaintiff's motion for reconsideration should be denied as moot.

        Respectfully submitted,

        JOE D. GONZALES
        Bexar County Criminal District Attorney

        BY:   /s/ Robert W. Piatt III
        ROBERT W. PIATT III
        State Bar No. 24041692
        Assistant Criminal District Attorney
        Civil Division
        101 W. Nueva; 7th Floor
        San Antonio, Texas  78205
        Telephone (210) 335-0785
        Telecopier (210) 335-2773
        Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I do hereby certify on April 7, 2021, I filed the foregoing through the Court's CM/ECF system, which will provide electronic service upon the following:

Edward L. Pina
Edward L. Pina & Associates, P.C.
Texas Bar No. 16011352
epina@arielhouse.com
8118 Datapoint Drive
San Antonio, Texas 78229
Tel: (210) 614-6400
Fax: (210) 614-6403
*Attorneys for Plaintiff*

        /s/ Robert Piatt
        Robert W. Piatt III